SEP - 7 2011
CLERK U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
COVINGTON

Eastern District of Kentucky
FILED
JAN 9 - 2012
AT COVINGTON
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

**CRIMINAL ACTION NO. 2: 11-47-DCR**

**UNITED STATES OF AMERICA** **PLAINTIFF**

**V.** **PLEA AGREEMENT**

**WILLIAM D. WHITE** **DEFENDANT**

* * * * *

1. Pursuant to Federal Rule of Criminal Procedure 11(c), the Defendant will plead guilty to Count 1 of the Indictment, charging attempted enticement of a minor in violation of 18 U.S.C. § 2422(b). The United States will move at sentencing to dismiss Counts 2-4.

2. The essential elements of Count 1 are:

(a) the Defendant used a means or facility of interstate commerce;

(b) to knowingly persuade, induce, entice or coerce, or attempt to do so,

(c) an individual who had not attained the age of 18 years;

(d) to engage in sexual activity for which any person may be charged with a criminal offense.

3. As to Count 1, the United States could prove beyond a reasonable doubt the following facts that establish the essential elements of the offense, and the Defendant admits these facts are true:

(a) Between December 2009 and November 2010, the Defendant engaged in many online computer chats with an agent of the Internet Crimes Against Children Task

Force. The agent posed as a 13-year-old girl, and the Defendant believed he was chatting with a 13-year-old (later 14-year-old, as the chats occurred over more than one year). The Defendant was located in Fleming County and the agent in Kenton County, both in the Eastern District of Kentucky. The electronic transmissions between the two occurred over the internet, a means and facility of interstate and foreign commerce.

(b) The content of the messages sent by the Defendant were very graphic, detailing his desire and intent to perform various sex acts upon the girl. The Defendant also electronically transmitted various obscene images to the agent, including some depictions of minors engaged in sexually explicit conduct. In December 2009, the Defendant arranged an in-person meeting with the girl in order to engage in sexual activity, although no meeting actually occurred.

(c) The Defendant's purpose in chatting online was to persuade who he believed was a 13-year-old person to engage in sex with him, a 48 year old man. It would violate Kentucky criminal law if the Defendant engaged in the sexual acts he intended. The Defendant acknowledges that he formed the intent to commit the substantive offense and took substantial steps toward its commission, so that his plea to an attempt is proper.

4. The maximum statutory punishment for Count 1 is imprisonment for not less than 10 years nor more than life, a fine of not more than $250,000.00, and supervised release for not less than 5 years nor more than life. A mandatory special assessment of $100.00 applies, and the Defendant will pay this assessment to the U.S. District Court Clerk at the time of the entry of the plea.

5. Pursuant to Rule 11(c)(1)(B), the United States and the Defendant recommend the following sentencing guidelines calculations, and they may object to or argue in favor of other calculations. These recommendations do not bind the Court:

(a) The Defendant's relevant conduct includes the facts set forth in this plea agreement and those details not specifically cited herein but encompassed by operation of U.S.S.G. § 1B1.3.

(b) Pursuant to U.S.S.G. § 2G1.3, the base offense level is 28.

(c) Pursuant to U.S.S.G. § 2G1.3(b)(3), increase by 2 levels for use of a computer.

(d) Pursuant to U.S.S.G. § 3E1.1, and unless the Defendant commits another crime, violates a court order, or obstructs justice, decrease the offense level by 2 levels for the Defendant's acceptance of responsibility. If the offense level determined prior to this 2-level decrease is level 16 or greater, the United States will move at sentencing to decrease the offense level by 1 additional level based on the Defendant's timely notice of intent to plead guilty.

6. The United States reserves the right to argue for a variance above the guideline range. The parties contemplate that the guideline range will become 120 months because of the statutory minimum.

7. No agreement exists about the Defendant's criminal history category pursuant to U.S.S.G. Chapter 4.

8. The Defendant waives the right to appeal and the right to collaterally attack the guilty plea, conviction, any sentence of 180 months or less.

9. The Defendant understands that under the Sex Offender Registration and Notification Act, a federal law, the Defendant must register and keep the registration current in each of the following jurisdictions: where the Defendant resides, where the Defendant is an employee, and where the Defendant is a student. The Defendant understands that the requirements for registration include providing the Defendant's name, residence address, and the names and addresses of any places where the Defendant is or will be an employee or a student, among other information. The Defendant further understands that the requirement to keep the registration current includes informing at

least one jurisdiction in which the Defendant resides, is an employee, or is a student, not later than three business days after any change of the Defendant's name, residence, employment, or student status. The Defendant understands that failure to comply with these obligations subjects the Defendant to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is a felony punishable by imprisonment.

10. If the Defendant violates any part of this Agreement, the United States may void this Agreement and seek an indictment for any violation of federal law, and the Defendant waives any right to challenge the initiation of additional federal charges.

11. This document and its sealed supplement contain the complete and only Plea Agreement between the United States Attorney for the Eastern District of Kentucky and the Defendant. The United States has made no other promises to the Defendant.

12. This Agreement does not bind the United States Attorney's Offices in other districts, or any other federal, state, or local prosecuting authorities.

13. The Defendant and his attorney acknowledge that the Defendant understands this Agreement, that his attorney has fully explained this Agreement to him, and that his entry into this Agreement is voluntary.

KERRY B. HARVEY
UNITED STATES ATTORNEY

Date: 2 Sep 11

By: Jason A. Denney
Assistant United States Attorney

Date: 9.7.11

William D. White
William D. White
Defendant

Date: 9.7.11

Dennis C. Alerding
Attorney for Defendant

**APPROVED**, this 9th day of January, 2011.

DANNY C. REEVES
UNITED STATES DISTRICT JUDGE